**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARIA VALDOVINOS QUIROZ; ANA ELIA VALDOVINOS QUIROZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 08-70983 <br> 08-74549 <br> 08-74650 <br><br> Agency Nos. A075-644-864 <br> A072-530-107 <br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

In these consolidated petitions for review, Maria Valdovinos Quiroz and

Ana Elia Valdovinos Quiroz, mother and daughter and natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for cancellation of removal, as well as the BIA's orders denying their individual motions to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and de novo due process claims. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We dismiss the petition for review in No. 08-70983. We deny the petition for review in No. 08-74549. We grant the petition for review in No. 08-74560. We stay the mandate and refer these petitions to the Circuit Mediator.

To the extent that petitioners challenge the BIA's January 10, 2008, order dismissing their appeal, we lack jurisdiction because the petition for review is not timely. *See* 8 U.S.C. § 1252(b)(1) (petition for review must be filed no later than 30 days after final removal order).

The BIA did not abuse its discretion when it denied petitioner Ana Elia Valdovinos Quiroz's motion, because construed as either a motion to reopen or reconsider, it was untimely. *See* 8 C.F.R. § 1003.2(c)(2), (b)(2).

The BIA abused its discretion when it determined that petitioner Maria Valdovinos Quiroz's untimely motion to reopen was not subject to equitable tolling of the motions deadline. *See Iturribarria*, 321 F.3d at 897 (court recognizes tolling of motions deadline during periods where petitioner is prevented from filing because of deception, fraud, or error). In its decision, the BIA noted that Maria

was advised by present counsel of a possible ineffective assistance of counsel claim on May 14, 2008, and Maria filed her motion to reopen on that basis on July 30, 2008, less than 90 days after the advice from counsel. *See Iturribarria*, 321 F.3d at 899.

Although Maria's motion did not completely satisfy the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), strict compliance is not required here because the ineffective assistance of counsel is plain on the face of the record. *See Castillo-Perez v. INS*, 212 F.3d 518, 525-26 (9th Cir. 2000) (strict *Lozada* compliance not required where ineffective assistance of counsel is plain on the face of the record). At the initial hearing on remand, Maria's former counsel failed to inform the IJ that her U.S. citizen daughter, who the BIA had earlier noted suffers from "serious" paranoid schizophrenia, would soon turn 21 years old. *See* 8 U.S.C. § 1101(b)(1) (defining "child," in part, as a person under 21). As a result, once the daughter turned 21, she was no longer a "qualifying relative" for Maria, and the IJ was unable to consider Maria's application for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1).

We therefore remand Maria's case for a prejudice determination, and any other equitable relief the agency may consider appropriate, including any relief that Ana may be eligible for.

08-70983

We stay the mandate, and refer these petitions to the Circuit Mediator to explore possible resolution through mediation, considering petitioner Maria Valdovinos Quiroz's status as a beneficiary of an I-130 visa petition filed by her United States citizen daughter, Yvonne; a substantial portion of the Quiroz family's lawful status in the United States; and the facts related to ineffectiveness of counsel and the consequences described in this disposition. Submission of this appeal is vacated until further order of the Court. If, in the sole judgment of the Circuit Mediator, resolution through mediation is not possible, the Circuit Mediator shall inform the panel. The Circuit Mediator is instructed to provide a report to the panel every ninety (90) days following the issuance of this order. The panel will retain jurisdiction over these petitions for review.

Ana Elia Valdovinos Quiroz's motion to file her untimely reply brief is granted.

**In No. 08-70983, PETITION FOR REVIEW DISMISSED.**

**In No. 08-74549, PETITION FOR REVIEW DENIED.**

**In No. 08-74650, PETITION FOR REVIEW GRANTED.**

**MANDATE STAYED; PETITIONS REFERRED TO CIRCUIT MEDIATOR.**